RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1-27-06
BY DM

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

EARL BUCHANAN

CRIMINAL NO. 01-50027-01
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is Earl Buchanan's ("Buchanan") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 44. Based on the following, Buchanan's motion is **DENIED.**

## I. BACKGROUND

A federal grand jury returned a three count indictment against Buchanan, charging him with distribution of fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count one) and two counts of distribution of a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) (counts two and three). See Record Document 1.

Buchanan pled guilty to count one of the indictment and on August 23, 2001, was sentenced to 275 months of imprisonment, in addition to a twelve month sentence

imposed due to a violation of his supervised release provisions, with the sentences to run consecutively. See Record Document 30.

On August 22, 2002, the government filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. See Record Document 34. As a result of the Rule 35 motion, an amended judgment was entered on February 3, 2003, setting aside the previous sentence and sentencing Buchanan to a 165 month term of imprisonment to run consecutively with the twelve month term for violation of supervised release. See Record Document 35.

Buchanan filed the instant motion on January 12, 2006. See Record Document 44.

## II. LAW AND ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 by creating a one-year period of limitation in which to file a section 2255 motion. Section 2255 now provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

> prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Buchanan did not initially file an appeal. Therefore, his conviction became final ten days after the date the amended judgment was entered into the record. See United States v. Johnson, 457 U.S. 537, 542, n. 8, 102 S. Ct. 2579, 2582, n 8. (1982). Applying this provision, Buchanan's section 2255 motion became time-barred in February 2004--one year from the finality of his conviction. Buchanan's motion, however, was not filed until January of 2006, well after the expiration of the one year period. Therefore, his motion is untimely.

Buchanan previously indicated to this court that he believes his section 2255 motion is timely on the grounds that the one year limitation period only began to run on "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255. In this case, because he is arguing that his sentence was unconstitutional based upon United States v. Booker, - - - U.S. - - -, 125 S. Ct. 738, 750, 764 (2005), he contends that he had one year from the Booker decision in which

to file his motion.[1] However, in order for this rule to apply, the right at issue must be "made retroactively applicable to cases on collateral review." Id. In Booker, the Court specifically stated that its holding was only applicable to those cases still on direct review. See Booker, 125 S. Ct. at 745. Furthermore, the Fifth Circuit Court of Appeals has specifically ruled that Booker does not apply retroactively on collateral review. See United States v. Gentry, No. 04-11221, 2005 WL 3317891, at *6 (5th Cir. Dec. 8, 2005). Accordingly, this AEDPA provision does not apply, and Buchanan's one year limitation period began to run at the entry of final judgment. Thus, his section 2255 motion is untimely.

Accordingly, **IT IS ORDERED** that Buchanan's motion to vacate, set aside, or correct sentence under section 2255 (Record Document 44) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 26th day of January, 2006.

JUDGE TOM STAGG

---

[1] Indeed, in a motion previously filed with this court, Buchanan asserts that his section 2255 claim is "governed by the Supreme Court's opinion in United States v. Booker . . . which was decided on January 12, 2005. Therefore, Defendant has until January 12, 2006 to file his Booker claim." Record Document 40 at 2.

4